United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AMARETTO RANCH BREEDABLES,

    Plaintiff,

v.

OZIMALS INC,

    Defendant.

    No. C 10-05696 CRB

    **ORDER GRANTING MOTION TO WITHDRAW**

    In a real fight over virtual barnyard animals, Ozimals, Inc., Candace Sargent, Cameron Holt and Creative Acorn Studio (collectively, "Defendants") have run up legal bills that they have yet to pay, and they cannot agree with one of their lawyers on how to pay for his continued work.

    The lawyer, Paul M. Sykes, now moves to withdraw as counsel.

    Plaintiff Amaretto Ranch Breedables, LLC, ("Amaretto") opposes the motion, calling it a ruse to delay a long-sought deposition of Defendant Holt. Amaretto requests that the Court grant the motion only if it also compels Holt's deposition by month's end.

    Pursuant to Local Rule 7-11(c), the Court finds the motion suitable for determination without a hearing, VACATES the motion hearing set for Friday, February 10, and makes the following holdings:

- The motion of Defendants' Counsel to withdraw is GRANTED.
- Holt shall make himself available for deposition the week of March 5, 2012.

## I. BACKGROUND

This case reveals the many real-world problems that can arise from an imaginary world. Both parties sell virtual animals to online gamers who "live" in the online universe known as Second Life. See April 22, 2011 Order (dkt. 80) at 1-2. Their respective creatures – Ozimals "breeds" rabbits; Amaretto creates horses and makes feed[1] – are a type of user-created objects that Second Life gamers are willing to pay real-world money to own. Id. In short, the parties are competitors.

The dispute stems from conduct and claims Ozimals made in late 2010. That is when Ozimals tried to shut the barn doors at Amaretto Ranch by filing a DMCA Takedown Notice accusing Amaretto of copyright infringement. Id. at 2-3. The Notice effectively asked Second Life's owners to empty Amaretto's virtual feed troughs and remove all of its "water." Id. at 3. This request threatened to leave Amaretto with an online stable full of imaginary horses virtually dead from pretend malnourishment.[2] This Court saved Amaretto's horses from such a grisly fate. Jan. 7, 2011 Order (dkt. 49). Meanwhile, Amaretto sued. Its operative complaint alleges among other things that Defendants' conduct constituted an unfair business practice. See Second Amended Compl. ("SAC") (dkt. 92) at 17-22; July 8, 2011 Order (dkt. 104) at 1-2. Defendants have counter-claimed, alleging copyright infringement.[3] Answer to SAC (dkt. 106) at 22.

The Alabama-based Defendants have had two attorneys in this case – Stephen Wu of Los Altos, California, and Paul M. Sykes of Birmingham, Alabama. Sykes and the Defendants "have not been able to agree upon terms" for his continued efforts. Mot. at 2. Wu still represents the Defendants, and they have retained another Alabama lawyer to replace Sykes. See Holmes Declaration in Support ("Holmes Decl.") (dkt. 112) ¶ 2.

---

[1] And salt licks. Only $4.56 per six-pack. See https://marketplace.secondlife.com/p/Amaretto-Ranch-Salt-Lick-Six-Box/2095480

[2] More to the point, it threatened to undercut or eliminate Amaretto's 2010 holiday sales: There may or may not be real-world value in a "living" virtual horse, but surely nothing is worth less than a "dead" virtual horse. Unless, of course, Second Life is also home to virtual glue factories.

[3] Amaretto contends that neither party can own copyrights in their breedable creations. Answer to Counterclaim (dkt. 107) at 5.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    Amaretto opposes Sykes' motion because its efforts to depose Holt have repeatedly
2 failed since at least August 2011. The parties have re-scheduled at least twice.[4] Opp'n at 1-
3 2. They tentatively agreed to a late January 2012 deposition, but plans fell through when
4 Sykes moved to withdraw. See Rosengren Declaration in Opp'n ("Rosengren Decl.") (dkt.
5 109) Ex. M. Amaretto therefore asks that the Court grant the motion only on the condition
6 that Holt make himself available this month. Opp'n at 3. Holt and his new Alabama lawyer
7 say they are available for deposition, at the earliest, the week of March 5. Holmes
8 Declaration in Support ("Holmes Decl.") (dkt. 112) ¶ 7.

## II.   LEGAL STANDARD

10   Counsel cannot withdraw "until relieved by order of Court," which he may seek after
11 giving reasonable notice to his client and all parties. Civil L.R. 11-5(a). The Court has wide
12 discretion in resolving a withdrawal motion. LaGrand v. Stewart, 133 F.3d 1253, 1269 (9th
13 Cir. 1998). Among the factors that courts consider are the reasons why the lawyer wants out,
14 whether the move will prejudice the other parties, and the extent to which it will delay
15 resolution of the case. CE Resource, Inc. v. Magellan Group, LLC, No. 08-02999, 2009 WL
16 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (citations omitted).

## III.  DISCUSSION

18   There is no reason why the Court should deny the motion. Defendants owe Sykes
19 money, and he is not sure how or if they will pay.[5] Sykes' Reply (dkt. 110) at 2. There are
20 no pending deadlines for dispositive motions in effect, so the withdrawal does not appear
21 likely to prejudice Amaretto in any real way on those grounds.

22   Amaretto contends that the withdrawal will delay resolution of the case because it
23 plans to seek summary judgment after Holt's deposition. Even if this is true, the delay will
24 not be significant enough to warrant a denial of the motion. Holt and his new Alabama
25 lawyer are available for deposition the week of March 5. Holmes Decl. ¶ 7. That is merely a

---

[4] Defendants attribute the delays to Holt's health issues. Opp'n at 2.

[5] Defendants have expressed "conditional non-opposition" to the motion. Defendants' Reply at 1. In short, they ask that the Court grant the motion without condition; alternatively, Defendants ask that Sykes be forced to defend Holt at any deposition the Court may require before March 5.

3

month away. Also, Holt and his lawyer are available any other time in March or April, the week of March 15-23 excepted. Id. None of these facts support a denial of Sykes' motion. The only matter really at issue, therefore, is Amaretto's request to force Holt's deposition testimony before month's end.

Defendants correctly call Amaretto's opposition "nothing but a back door motion to compel without a full meet and confer process." Defendants' Reply (dkt. 111) at 3. Amaretto is understandably frustrated at its inability to depose Holt to date, not least given the fact that Holt attended a Second Life convention last summer in San Francisco and has since asserted that his health troubles make travel difficult.[6] See Rosengren Decl. Ex. C. Amaretto is entitled to depose Holt and should be allowed to do so as soon as possible. Without explaining the significance of its proposed deadline, Amaretto wants to depose Holt by February 29. Defendants' new Alabama lawyer, Jeffrey Holmes, asserts that March 5 is the earliest that he and Holt can be ready. Lacking a compelling reason to rush the deposition by five days, the Court rules that Holt shall make himself available for deposition by Amaretto's counsel the week of March 5, 2012.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the motion and orders Holt to be available for deposition the week of March 5, 2012.

**IT IS SO ORDERED.**

Dated: February 2, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[6] Amaretto has provided e-mails from August 2011 to January 2012 related to deposition scheduling. See Rosengren Decl., Exs. A-M. The e-mails might lend some credence to Amaretto's claim that Defendants have unnecessarily delayed the deposition. These e-mails almost certainly do not tell the entire story.

4