IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMARETTO RANCH BREEDABLES, LLC,<br><br>   Plaintiff,<br><br>v.<br><br>OZIMALS, INC, et al.,<br><br>   Defendants.<br>_____/ | No. C 10-05696 CRB<br><br>**ORDER DENYING MOTION FOR FEES** |

  This case began as a copyright dispute between business competitors who sell virtual animals in an online simulated world known as Second Life. Plaintiff/Counterclaim Defendant Amaretto Ranch Breedables' ("Amaretto") sells virtual horses. Defendant/Counterclaim Plaintiff Ozimals, Inc. ("Ozimals") sells virtual bunnies.

  In November 2012, the Court granted Amaretto's motion for summary judgment as to Ozimals' copyright infringement counterclaim and ruled that both parties lacked standing to pursue their claims. Order (dkt. 146). In July 2013, the Court granted Ozimal's motion for summary judgment on Amaretto's trade libel, intentional interference with prospective business advantage, and unfair competition claims. Order (dkt. 174). The Court entered judgement in favor of Defendants on Plaintiff's claims, and entered judgment in favor of Plaintiff on Defendants' counterclaim. Judgment (dkt. 175).

  Now pending before the Court is Plaintiff and Counterclaim Defendant Amaretto Ranch Breedables, LLC's motion for attorneys' fees and costs. Mot. for Fees (dkt. 182).

  Under the Copyright Act, "the court in its discretion may allow the recovery of full costs" and "a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. In determining whether to award fees, the court may consider a number of non-exclusive factors, including the degree of

success obtained by the moving party, the frivolousness of any claims, the motivation for the claims, the objective reasonableness of the factual and legal arguments advanced in support of them and the need for compensation and deterrence. See Fantasy, Inc. v. Fogerty, 94 F.3d 553, 558 (9th Cir. 1996) (Fogerty II) (citing Fogerty v. Fantasy, Inc., 510 U.S. 517, 535 n.19) (Fogerty I). "The most important factor in determining whether to award fees under the Copyright Act[], is whether an award will further the purposes of the Act." Mattel, Inc. v. MGA Entertainment, Inc., 705 F.3d 1108, 1111 (9th Cir. 2013) (citing Fogerty II, 94 F.3d at 558).

Here, the Court has carefully considered all of these factors and finds that awarding fees is inappropriate. The Court found that both parties lacked standing to pursue their claims. Order (dkt. 146). Neither party can be fairly characterized as the "prevailing" party since both sides failed to establish standing to pursue their claims. "When the plaintiff as well as the defendant have lost on significant issues, courts have generally awarded 'no costs.'" Shum v. Intel Corp., 629 F.3d 1360, 1373 (Fed. Cir. 2010). Where, as here, "a defendant counterclaims for affirmative relief and neither party prevails on its claim, it is quite appropriate to deny costs to both parties." Kropp v. Ziebarth, 601 F.2d 1348, 1358 n. 27 (8th Cir. 1979). The Ninth Circuit agrees. See, e.g., United States v. Safeco Ins. Co. of Am., 116 F.3d 487 (9th Cir. 1997) (holding that it is within the district court's discretion to deny fees when neither party prevails). Therefore, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: September 16, 2013

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

2